**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TIMOTHY DURHAM, | ) | Case No.: 2:17-cv-00596 - JLT |
| | ) | |
| Plaintiff, | ) | PRETRIAL ORDER |
| | ) | |
| v. | ) | Deadlines: |
| | ) |   Motions in Limine Filing:  5/13/2019 |
| FCA US LLC, | ) |   Oppositions to Motions in Limine:  5/28/2019 |
| | ) |   Hearing on Motions in Limine: |
| Defendant. | ) |     6/10/2019 at 10:30 a.m |
| | ) |   Trial Submissions: 6/13/2019 |
| | ) | |
| | ) | Jury trial:  June 24, 2019 at 8:30 a.m., 5-7 days |
| | ) | |

Timothy Durham purchased a 2012 Dodge Ram 1500 in August 14, 2012, which he contends had serious defects and nonconformities to warranty. Durham contends his vehicle had transmission, electrical, suspension, and engine defects. Durham contends FCA UC LLC, a manufacturer of Dodge vehicles, is liable for violations of the Song-Beverly Consumer Warranty Act and fraudulent inducement under California law.

**A.    JURISDICTION/ VENUE**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. In addition, the events that gave rise to this action occurred in Elk Grove, California. Accordingly, the parties agree venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.

///

**B.     JURY TRIAL**

Plaintiff timely demanded a jury trial in this matter.

**C.     UNDISPUTED FACTS**

1.   FCA US LLC is a manufacturer of Dodge vehicles, including the 2012 Dodge Ram 1500.

2.   Plaintiff purchased a new 2012 Dodge Ram 1500 (the "Ram" or the "subject vehicle") on August 14, 2012, from Elk Grove Dodge Chrysler Jeep ("Elk Grove").

3.   The subject vehicle was covered by express written warranties issued by FCA US LLC, including the "Basic Limited Warranty" and the "Powertrain Limited Warranty."

4.   The "Basic Limited Warranty" covered all components of the subject vehicle against defects in materials or workmanship for a period of three years or 36,000 miles, whichever came first, calculated from the date of delivery of the subject vehicle to Plaintiff.

5.   The "Powertrain Limited Warranty" covered specified engine, transmission, and drivetrain components of the subject vehicle for a period of five years or 100,000 miles, whichever came first, calculated from the date of delivery of the subject vehicle to Plaintiff.

6.   Plaintiff timely submitted a request for exclusion from the proposed settlement of a class action lawsuit, Velasco, et al. v. Chrysler Group, LLC, No. 2:23-cv-08080.

7.   Elk Grove is Defendant's authorized repair facility.

**D.     DISPUTED FACTS**

1.   Whether the subject vehicle's problems, or any of them, that Plaintiff presented to Elk Grove for diagnosis and repair are "nonconformities" (e.g., did they substantially impair the vehicle's use, value or safety).

2.   Whether FCA US LLC or its authorized repair facilities were given a "reasonable number of opportunities" to repair the subject vehicle to match its express warranty(ies).

3.   Whether FCA US LLC or its authorized repair facility(ies) failed to repair the subject vehicle to match the express warranty after a reasonable number of opportunities.

4.   Whether, if FCA US failed to repair the subject vehicle after a reasonable number of opportunities, FCA US LLC failed to promptly replace or repurchase the subject vehicle.

5.   Whether Plaintiff placed FCA US LLC on notice of a potential claim for the repurchase or

replacement of the subject vehicle.

6. Whether any failure to repurchase or replace the subject vehicle was willful.

7. Whether FCA US LLC maintains an informal dispute resolution program meeting the requirements for a "qualified alternative dispute resolution program" including:

(1) Whether the program complies with the minimum requirements of the Federal Trade Commission for informal dispute settlement procedures as set forth in Part 703 of Title 16 of the Code of Federal Regulations, as those regulations read on January 1, 1987.

(2) Whether the program takes into account, in rendering decisions, all legal and equitable factors, including, but not limited to, the written warranty, the rights and remedies conferred in regulations of the Federal Trade Commission contained in Part 703 of Title 16 of the Code of Federal Regulations as those regulations read on January 1, 1987, Division 2 (commencing with Section 2101) of the Commercial Code, this chapter, and any other equitable considerations appropriate in the circumstances.

(3) Whether the program maintains certification by the Department of Consumer Affairs pursuant to Chapter 9 (commencing with Section 472) of Division 1 of the Business and Professions Code.

8. Whether the Ram was sold with a defective Totally Integrated Power Module 7.

9. Whether FCA US LLC was aware that the TIPM-7 in Plaintiff's subject vehicle was defective before the sale of the vehicle.

10. Whether National Highway Traffic Safety Administration ("NHTSA") investigations and recalls, FCA US LLC's Technical Service Bulletins ("TSBs"), and/or FCA US LLC's voluntary recall notices demonstrate that FCA US LLC had superior and exclusive knowledge of the defects in the TIPM-7 found in the subject vehicle.

11. Whether pre-release testing performed on vehicles equipped with the TIPM 7, demonstrate FCA US LLC's longstanding knowledge of TIPM-7 defects.

12. Whether FCA US LLC disclosed information concerning TIPM-7 defects to Plaintiff before he purchased the subject vehicle.

13. Whether FCA US LLC instructed its authorized repair facilities to disclose the TIPM defect

3

to consumers or to Plaintiff.

14. Whether Plaintiff did not know of the TIPM defects when he purchased the subject vehicle or brought it to authorized repair facilities for diagnosis or repair.

15. Whether Plaintiff reasonably relied on FCA US LLC's representations or omissions about defects in vehicles with the TIPM 7, like the subject vehicle.

16. Whether FCA US LLC concealed from Plaintiff a known defect or defects related to the TIPM-7.

17. Whether Plaintiff incurred any harm or damages as a result of any alleged concealment of defects related to the TIPM-7.

18. Plaintiff's total damages, which may include:

(1) The "total amount paid and payable" for the subject vehicle;

(2) The extent and value of any mileage offset applicable to a restitution remedy under the Song-Beverly Act, calculated as follows: "The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."

(3) The total amount of incidental damages suffered by Plaintiff, including "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods" as defined in Commercial Code section 2715.

(d) The total amount of consequential damages suffered by Plaintiff, "including, but not limited to, reasonable repair, towing, and rental car costs actually incurred" (Civil Code § 1793.2(d)(2)(A)) and "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and [i]njury to person or property proximately resulting from any breach of warranty" (Comm. Code § 2715(2)).

19. Whether concealment of TIPM 7 defects was a substantial factor in causing Plaintiff's harm.

20. FCA US LLC's net worth, under California precedent for calculation of punitive damages.

**E. DISPUTED LEGAL ISSUES**

None.

**F. DISPUTED EVIDENTIARY ISSUES**

Both parties intend to file motions in limine regarding the evidence to be used at trial. Counsel SHALL conduct a meaningful meet-and-confer process to limit the motions to only those that are **necessary** to file.

**Plaintiff:**

1. Plaintiff objects to the introduction of any documentary evidence concerning any dispute resolution program allegedly maintained by FCA US LLC, on the grounds that no such evidence was produced by FCA US LLC in discovery. Plaintiff will object to any such evidence at the time of trial, should FCA US LLC seek to introduce the same.

2. Plaintiff objects to the introduction of any documentary evidence purporting to show that the Ram's problems are the result of misuse, with the exception of Elk Grove repair records produced by FCA US LLC in discovery or produced by Plaintiff in discovery. Plaintiff is unaware of any other documentary records of the condition of the Ram at the times it was presented for diagnosis and repair, and will object to any such evidence at the time of trial, should FCA US LLC seek to introduce the same.

At the hearing, the defense indicated that it did not intend to assert at trial that the plaintiff misused the vehicle. Thus, the motion is **GRANTED**.

3. Plaintiff will object to any testimony purporting to interpret the scope or applicability of warranty coverage, which is an inadmissible legal opinion. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

4. Plaintiff will object to introduction of any evidence not produced in discovery. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

At the hearing, plaintiff's counsel indicated that he knew of no dispute in this regard at this time.

5. Plaintiff will object to any testimony by Defendant's trial witness that is not based on

5

personal knowledge. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

At the hearing, plaintiff's counsel indicated that he knew of no dispute in this regard at this time.

6. Plaintiff will object to introduction of any evidence, testimony, or argument referring to attorney fees. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

At the hearing, plaintiff's counsel indicated that he knew of no dispute in this regard at this time.

7. Plaintiff will seek to introduce evidence, testimony, and argument concerning TSBs and recalls issued by FCA US LLC concerning problems with Plaintiff's Ram, including those that may not have been performed to the Ram. Plaintiff will file a motion in limine on this subject.

8. Plaintiff will object to introduction of any evidence, testimony, or argument referring to settlement negotiations, including pre and post- litigation settlement offers. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

At the hearing, plaintiff's counsel indicated that he knew of no dispute in this regard at this time.

9. Plaintiff will object to any evidence, testimony, or argument asserting that specific components or specific complaints must each experience an unreasonable number of repair attempts to qualify for relief under the Song-Beverly Act. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

At the hearing, plaintiff's counsel indicated that he knew of no dispute in this regard at this time.

10. Plaintiff will object to introduction of any evidence, testimony, or argument referring to attorney advertising. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

At the hearing, plaintiff's counsel indicated that he knew of no dispute in this regard at this time.

11. Plaintiff will object to introduction of any evidence, testimony, or argument referring to the Ram's mileage at the time of trial. Plaintiff will file a motion in limine on this subject if Defendant does not stipulate.

12. Plaintiff contends that Defendant's Exhibits are inadmissible pursuant to FRE 801, et. seq., and FRC 26(a)(1)(A)(ii). These documents were not identified or produced by Defendant in discovery, and Defendant has not identified any witness authorized to authenticate or testify about these documents.

At the hearing, plaintiff's counsel indicated that the exhibits at issue were Exhibits 306-311 but admitted he was unaware whether these exhibits were identified in discovery. The defense indicated that Exhibits 306 and 307 were relied upon by its expert and 308 and 311 will be offered in rebuttal to the claim that the same TIPM is at issue here as in the other vehicles identified by the plaintiff.

13. Plaintiff included Defendant's corporate representative who attended this trial as a potential witness. Plaintiff will oppose any motion made by Defendant to prevent the corporate representative from being called as a witness.

At the hearing, plaintiff's counsel indicated the plaintiff will not call the corporate representative. Thus, the motion is **DENIED**.

**Defendant:**

1. Plaintiff has listed "whether FCA US has an informal dispute resolution program" as a disputed issue. The question would be relevant only if Plaintiff had pled entitlement to a civil penalty under California Civil Code Section 1794(e)(1). Plaintiff's sole basis for a civil penalty in his Complaint is a "willful" violation of the Song-Beverly Act. The "willful" violation is set forth in California Civil Code Section 1794(c). As Plaintiff did not plead a non-willful entitlement to a civil penalty, Defendant did not identify the State of California's certification of its third-party informal dispute resolution program in its Rule 26 disclosure. Defendant would seek leave of Court to augment its disclosure to include the certification should Plaintiff seek to amend his Complaint.

2. Plaintiff indicated he intends to call as a witness any individual that FCA US has attend the trial to sit at counsel table regardless of whether that individual has any knowledge concerning any facts of this case. FCA US objects to such a tactic. FCA US will file a motion in this regard.

At the hearing, plaintiff's counsel indicated the plaintiff will not call the corporate representative. Thus, the motion is **GRANTED**.

3. Defendant contends that opinions by Plaintiff's expert witness, Dr. Barbara Luna,

concerning fraud are inadmissible. Defendant contends that Dr. Luna's opinions lack sufficient foundation and invade the purview of the jury. It is anticipated that Dr. Luna will testify live. The dispute concerning Dr. Luna's testimony concerning fraud may be addressed through a motion in limine.

No witness will be permitted to testify as to whether there was fraud and plaintiff's counsel agreed Dr. Luna would not do so. However, experts may testify as to ultimate facts that may give rise to a conclusion by the jury that fraud did or did not occur. Thus, the motion is **GRANTED.**

4. Defendant contends that payments that Plaintiff made to insure the vehicle are not a recoverable damage under Song-Beverly. Accordingly, Exhibit 34, which is Plaintiff's insurance documents, is not relevant and should be excluded under Federal Rule of Evidence 401-402. The dispute concerning Exhibit 34 may be addressed through a motion in limine.

At the pretrial conference, the plaintiff's counsel indicated the plaintiff would not seek to introduce the cost of insurance. Thus, the motion is **GRANTED**.

5. Defendant contends that Exhibits 108 through 143, and 269 through 272, which are identified as National Highway Transportation Safety Administration documents, under FRE 401-403 and FRC 26(a)(1)(A)(ii) as they were not previously identified in discovery. The documents concern recalls that were not applicable to Plaintiff's vehicle thus they not admissible as they are not relevant to this case. Introduction of the documents would be confusing and consume undue amounts of time. The dispute concerning these exhibits may be addressed through a motion in limine.

6. Defendant contends that Exhibit 150, which is a Technical Service Bulletin for a vehicle that is not the same model or model year as Plaintiff's vehicle, is inadmissible pursuant to FRE 401-403 and FRC 26(a)(1)(A)(ii) as it was not previously identified in discovery and are irrelevant. The dispute concerning this exhibit may be addressed through a motion in limine.

7. Defendant contends that Exhibits 144-149, 153, 169-177, 179, 181, 183-191, 193-205, 208-213, 215-226, 228, 230-268 are inadmissible pursuant to FRE 401-403 and 602 and FRC 26(a)(1)(A)(ii). None of Plaintiff's proposed witnesses have personal knowledge of these documents, which consist of Defendant's internal documents on a variety of subjects. Plaintiff conducted no discovery concerning the contents of these documents and any testimony regarding their meaning

would be speculation. They were never identified in Plaintiff's disclosure. The dispute concerning these exhibits may be addressed through a motion in limine.

8. Defendant contends that Exhibits 178, 180, 182, 192, 206, 207, and 214 are inadmissible pursuant to FRE 401-403, 602 and 901 and FRC 26(a)(1)(A)(ii). These documents consist of documents prepared by nonparties Continental, NEC/TOKIN and TYCO Electronics. Plaintiff conducted no discovery concerning the documents and any testimony regarding their meaning would be speculation. They were never identified in Plaintiff's disclosure. The dispute concerning these exhibits may be addressed through a motion in limine.

9. Defendant contends that all exhibits that don't relate to warrantable repairs should be excluded. This includes Exhibits 26 (Big O Tires invoice), 27 (Good Year invoice), and 28 (Good Year invoice).

10. Defendant contends that Exhibits 154-165 are inadmissible pursuant to FRE 401-403 and 602 and FRC 26(a)(1)(A)(ii). None of Plaintiff's proposed witnesses have personal knowledge of these documents, which consist of Defendant's internal documents on a variety of subjects. Plaintiff conducted no discovery concerning the contents of these documents and any testimony regarding their meaning would be speculation. They were never identified in Plaintiff's disclosure. The dispute concerning these exhibits may be addressed through a motion in limine.

**G.      SPECIAL FACTUAL INFORMATION**

None.

**H.      RELIEF SOUGHT**

**<u>Plaintiff</u>**

Plaintiff seeks restitution or damages for the diminished value of the vehicle, plus incidental and consequential damages as well as a civil penalty of up to two times actual damages for Defendant's alleged willful failure to comply with the Song-Beverly Act. Plaintiff also seeks damages, including punitive damages, for Defendant's alleged fraudulent concealment of a known defect

**<u>Defendant</u>**

Defendant seeks dismissal of the action, attorneys' fees, and costs. (Doc. 1-4 at 6)

*///*

**I.     ABANDONED ISSUES**

Defendant withdraws the following Affirmative Defenses: First, Second, Third, Fourth, Fifth, Seventh, Eighth, Tenth, Twelfth, Thirteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, and Twenty-Eighth.  (Doc. 53 at 17)

**J.     WITNESSES**

1.     The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

        a.   Timothy Durham

        b.   Michael McDowell, FCA's Person Most Knowledgeable, Irvine, California

        c.   Elk Grove's Person Most Qualified, Elk Grove Dodge Ram, 8575 Laguna Grove Dr., Elk Grove, CA.  The plaintiff SHALL file a supplement to identify this witness' name no later than **May 3, 2019.**[1]  **Failure to do so will result in this witness being excluded.**

        d.   Tom Lepper, Plaintiff's expert

        e.   Dr. Barbara Luna, Plaintiff's expert

        f.   Stan Gozzi, Defendant's automotive expert, Brentwood, California

        g.   James Bielenda, Defendant's automotive engineer, Auburn Hills, Michigan

2.     **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

        a.   The party offering the witness demonstrates that the witness will rebut evidence that could not be reasonably anticipated at the pretrial conference, or

        b.   The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph 3, below.

3.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the

---

[1] Plaintiff's counsel offered no explanation why this person's name was not included in the joint pretrial report.  He reported that the witness had been deposed, so it is inexplicable why his or her name was not included.

party shall promptly inform the court and opposing parties of the existence of the unlisted witness, so the court may consider whether the witness will be permitted to testify at trial. The witness will not be permitted unless:

    a. The witness could not reasonably have been discovered prior to the discovery cutoff;

    b. The court and opposing parties were promptly notified upon discovery of the witness;

    c. If time permitted, the party proffered the witness for deposition; and

    d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**K.    EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1.    **For the parties to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

    a. The party proffering the exhibit demonstrates that the exhibit is to rebut evidence that could not have been reasonably anticipated, or

    b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2.    Upon the discovery of an exhibit after the discovery cutoff, the party shall promptly inform the court and opposing parties of the existence of the exhibit, so that the court may consider the admissibility at trial. The exhibit will not be received unless the proffering party demonstrates:

    a. The exhibit could not reasonably have been discovered earlier;

    b. The court and the opposing parties were promptly informed of its existence; and

    c. The proffering party forwarded a copy of the exhibit (if physically possible) to the opposing party. If the exhibit may not be copied, the proffering party must show that

it has made the exhibit reasonably available for inspection by the opposing parties.

**Joint Exhibits**

The parties have identified the following exhibits to which there are no objections, and which may be introduced by Plaintiff or Defendant:

1.      Retail Installment Sale Contract, dated August 14, 2012

2.      Customer Assistance Inquiry Records (CAIR)

3.      2012 Warranty Information Booklet

4.      Vehicle Information Detail Report

5.      Warranty Claim Records

6.      Warranty Claim Summary Report

7.      DMV – Proof of Registration

8.      Elk Grove Dodge Repair Order No. 507802 dated May 1, 2012

9.      Elk Grove Dodge Repair Order No. 507807 dated May 1, 2012

10.     Elk Grove Dodge Repair Order No. 549049 dated February 5, 2013

11.     Elk Grove Dodge Repair Order No. 575408 dated July 23, 2013

12.     Elk Grove Dodge Repair Order No. 596248 dated November 29, 2013

13.     Elk Grove Dodge Repair Order No. 603637 dated January 16, 2014

14.     Elk Grove Dodge Repair Order No. 40730 dated April 30, 2014

15.     Elk Grove Dodge Repair Order No. 50187 dated September 9, 2014

16.     Elk Grove Dodge Repair Order No. 67397 dated May 8, 2015

17.     Elk Grove Dodge Repair Order No. 69782 dated June 9, 2015

18.     Elk Grove Dodge Repair Order No. 81125 dated October 17, 2015

19.     Elk Grove Dodge Repair Order No. 82815 November 4, 2015

20.     Elk Grove Dodge Repair Order No. 84587 dated November 21, 2015

21.     Elk Grove Dodge Repair Order No. 92441 dated February 18, 2016

22.     Elk Grove Dodge Repair Order No. 103543 dated June 27, 2016

23.     Elk Grove Dodge Repair Order No. 119607 dated December 26, 2016

24.     Elk Grove Dodge Repair Order No. 134646 dated June 17, 2017

1    25.    Elk Grove Dodge Repair Order No. 150120 dated November 27, 2017

2    *Nos. 26 – 28 are identified below as Plaintiff's exhibits, given Defendant's objections thereto.*

3    29.    GAP Warranty

4    30.    Recall Inquiry Index

5    31.    STAR Case S1308000399

6    32.    TSB Index

7    33.    Finance Payments dated February 12, 2018

8    **Plaintiff's Exhibits**

9    26.    Big O Tires Invoice No. 5087 dated December 10, 2015

10    27.    Good Year Invoice No. 40443 dated September 1, 2016

11    28.    Good Year Invoice No. 40453 dated September 1, 2016

12    34.    Proof of Insurance

13    100.    *Velasco, et al. Chrysler Group LLC, Inc*., No. 2:13-cv-08080 Final Order and Judgment

14    101.    Plaintiff's Request for Exclusion from *Velasco*, No. 2:13-cv-08080

15    102.    Recall R09 Owner Notification Letter (Plaintiff's Copy)

16    103.    Recall R09 Dealer Service Instructions

17    104.    FCA Dealer Policy Manual

18    105.    Recall P60 Dealer Service Instructions

19    106.    Recall P60 Sample Owner Notification Letter

20    107.    *Reserved*

21    108.    NHTSA Recall 05V-461 – Defect and Noncompliance Notice dated 10/04/2005

22    109.    NHTSA Recall 05V-461 – Recall Acknowledgment

23    110.    NHTSA Recall 05V-461 – Information Required by Defects Report Regulation dated

24    11/03/2005

25    111.    NHTSA Recall 05V-461 – Remedy Instructions and TSB dated November 2005

26    112.    NHTSA Recall 05V-461 –Owner Notification Letter

27    113.    NHTSA Recall 05V-461 – Recall Quarterly Report dated 12/31/2005

28    114.    NHTSA Investigation PE07-027 ODI Resume dated 5/29/2007

115. NHTSA Recall 07V-291 – Defect Notice dated 7/03/2007

116. NHTSA Recall 07V-291 – Recall Acknowledgment dated 7/09/2007

117. NHTSA Recall 07V-291 – Remedy Instructions and TSB dated July 2007

118. NHTSA Recall 07V-291 – Owner Notification Letter

119. NHTSA Recall 07V-291 – Recall Quarterly Report dated 9/30/2007

120. Emissions Recall 2007-15-E (G23) dated 2007

121. Technical Service Bulletin 08-018-08 dated May 2008

122. NHTSA Recall 09V-438 – Defect Notice dated 11/03/2009

123. NHTSA Recall 09V-438 – Recall Acknowledgment dated 11/09/2009

124. NHTSA Recall 09V-438 – Owner Notification Letter

125. Technical Service Bulletin 08-053-11 dated August 2011

126. NHTSA Recall 13V-282 Defect Notice dated 7/02/2013

127. NHTSA Recall 13V-282 – Owner Notification Letter

128. NHTSA Recall 13V-282 – Recall Acknowledgment dated 7/5/2013

129. NHTSA Recall 13V-282 – Remedy Instructions and TSB dated 11/2013

130. NHTSA Recall 13V-282 – Information Required by Defects Report Regulation dated 1/31/2014

131. Center for Auto Safety Defect Petition to NHTSA dated 8/21/2014

132. NHTSA Recall 14V-530 – Defect Notice (Part 573) dated 9/03/2014

133. NHTSA Recall 14V-530 – Manufacturers Notices dated 9/4/2014

134. NHTSA Recall 14V-530 – Recall Acknowledgment dated 9/19/2014

135. NHTSA Recall 14V-530 – Memo and Email dated 10/24/2014

136. NHTSA Recall 14V-530 – Interim Owner Notification Letter (Part 577) Communication Cover Letter dated 11/11/14

137. NHTSA Recall 14V-530 – Interim Owner Notification Letter (Part 577) dated 11/11/14

138. NHTSA Recall 14V-530 – Issued Owner Notification Letter (Part 577)

139. NHTSA Recall 14V-530 – Info Required by Defects Report Regulation dated 1/06/2015

140. NHTSA Recall 14V-530 – Recall Quarterly Report dated 1/08/2015

141. Center for Auto Safety Supplement dated 9/8/2014

142. NHTSA Denial of Petition for a Defect Investigation dated 7/24/2015

143. Safety Recall P54/NHTSA 14V-530 Fuel Pump Relay

144. Email from David Baker dated 6/17/2014 regarding TIPM Returns from Safety Office Weekly Meeting Agenda – Aug 10 (CGLLC060961-69)

145. Email from Robert Samko Jr. dated 4/1/2014 regarding fuel pump status update for tomorrow morning (CGLLC060986-87)

146. Email from Hassan Malik dated 4/24/2014 regarding DOE-Fuel Pump Relay Testing Kick Off at CTC (CGLLC061013-19)

147. Powerpoint presentation titled "Relay Testing" (CGLLC061099-1101)

148. Email from Patrick Dean dated 11/29/2010 regarding Issues with TIPM software (CGLLC061129-32)

149. Corrective Action Process Issue #271414 dated 04/27/09 (CGLLC086937)

150. TSB 08-024-11 Rev. A

151. Safety Recall R09 / NHTSA 15V-115 Fuel Pump Relay

152. *Reserved*

153. FCA Policies

154. FCA Company Code

155. FCA Form 10-Q 2015

156. FCA Form 10-K 2014

157. FCA Form 10-Q 2014

158. FCA Annual Report 2016

159. Fiat Chrysler NV Form

160. Fraud Examiners Manual

161. Fraud by Omission Article

162. AICPA Code of Conduct

163. PCAOB Consideration

164. *Reserved*

165. Dr. Luna Declaration Exhibit 25

166. *Reserved*

167. *Reserved*

168. *Reserved*

169. "Low Current Switch Best Practices and Lessons Learned" dated 06/05/09 Document Number SD-11814 (Bates CGLL079151-54)

170. Email from David Baker dated 6/17/14 regarding TIPM Returns from Safety Office Weekly Meeting Agenda (CGLLC060961-69)

171. Email from Seakleang Chheu dated 9/17/10 regarding 2011 RT Release – TIPM7C for S2B Build (CGLLC068415-17)

172. Email from Seakleang Chheu dated 10/04/10 regarding 2011 MY TIPM7C & &Ci (CGLLC060882-84)

173. Email from Seakleang Chheu dated 10/21/10 regarding T1018-M10-00 (CGLLC063713)

174. Email from Seakleang Chheu dated 10/25/10 regarding Turn Lamp Diagnostics for 2011MY RT (CGLLC073514-16)

175. Email from Seakleang Chheu dated 10/28/10 regarding 2010MY TIPM7C – VTA Test Software on 2010 RT Vehicle in BC, Canada (CGLLC070637-39)

176. Email from Saji John dated 12/02/10 regarding TIPM from vin AT214727 (CGLLC061824-26)

177. Email from Patrick Dean dated 11/29/10 regarding Issues with TIPM software (70th Anniversary Jeep) (CGLLC061129-32)

178. Continental Automotive Systems Software Release Notes Project: TIPM MY12 (CGLLC060855-70)

179. Email from Robert Strother dated 8/08/11 regarding Radio signal strength logs (CGLLC061427-39)

180. Continental Totally Integrated Power Management Module (TIPM7) Engineering Test Plan for Silicon contamination on NEC Relay (CGLLC077140-47)

181. 2013MY 3MIS Ordinary Quality May Built Vehicles Electrical/Electronics & Uconnect

(CGLLC079465-83)

182. Continental: TIPM7 Risk Assessment (CGLLC077148-50)

183. Email from Carlos Munoz-Valadez dated 8/21/13 regarding TIPM7 WD/WK Replacements for Fuel Pump Relay Issue (CGLLC077740-41)

184. Email from Satnam Bansal dated 9/05/13 regarding TIPM7 WD/WK Replacements for Fuel Pump Relay Issue (CGLLC077137-38)

185. Email from Robert Samko Jr. dated 10/03/13 regarding WK'11 – TIPM no start (CGLLC084404-07)

186. Email from Greg Niemiec dated 9/27/13 regarding TIPM p/n RL692316AI (CGLLC078442-44)

187. DealerConnect Part Inquiry for RL692316AI (CGLLC078446)

188. *Omitted*

189. Email from Greg Niemiec dated 9/27/13 regarding TIPM p/n RL692316AI (CGLLC078458-60)

190. Email from Jeff Fenoseff dated 10/01/13 regarding Potential New Investigation: 2011-2013 WK/WD TIPM (CGLLC079333)

191. Email from Lisa Sacino dated 10/03/13 regarding Review MY 11-13 WK TIPM Proposed Repair Procedure (CGLLC084222-24)

192. Continental MY 2011 TIPM7 36 Months in Service dated 10/04/13 (CGLLC07610-14)

193. Email from Greg Niemiec dated 10/08/13 regarding Meeting minutes from TIPM7 Fuel Pump discussion (CGLLC076468-70)

194. Email from Jennifer Moore dated 10/16/13 regarding Meeting minutes from TIPM7 Fuel Pump discussion (CGLLC076932-35)

195. Email from Mark Cornell dated 10/11/13 regarding Notes from Mopar VOR TIPM7 Meeting (CGLLC076489-90)

196. Email from David Bustamante dated 10/16/13 regarding TIPM-Service Part Shortage (CGLLC084641)

197. Email from Saji John dated 10/18/13 regarding TIPM7 Fuel Pump assembly plant

process (CGLLC077732-33)

198.  Email from Greg Niemiec dated 10/24/13 regarding 11 WK TIPM – Fuel Pump Relay Bypass Validation (CGLLC078543-44)

199.  Email from Greg Niemiec dated 10/25/13 regarding Emerging Issue TIPM replacements for 11-13 WK's 04692316AJ (CGLLC078582-84)

200.  Email from Robert Samko Jr. dated 10/28/13 regarding TIPM fuel pump sales code analysis (CGLLC079163-64)

201.  Email from Dinh Tran dated 10/28/13 regarding Scope plots taken from WK/RT at Troy (CGLLC084235-36)

202.  Email from Jennifer Kozik dated 10/30/13 regarding MY11 WK/WD TIPM – On Hold (CGLLC079035-36)

203.  Email from Jennifer Moore dated 11/08/13 regarding Status TIPM I-Sheet and kits (CGLLC079658-62)

204.  Email from Greg Niemiec dated 10/31/13 regarding TIPM Update Intermittent Crank No Start (CGLLC078489-90)

205.  Chrysler I-Sheet for Wiring Swap (CN# 30118-V02-AA) (CGLLC079663-64)

206.  Continental Analysis Report #0080813 dated 11/09/13 (CGLLC078953-77)

207.  Continental Analysis Report #0080813 dated 11/09/13 (CGLLC078013-49)

208.  Email from Satnam Bansal dated 11/11/13 regarding NHTSA Vehicle Owner Questionnaire (CGLLC084230-31)

209.  Email from Mark Cornell dated 11/13/13 regarding WK Fuel pump relay report (CGLLC078068-69)

210.  Email from Tim Corsich dated 11/20/13 regarding Platform variation (CGLLC078684-87)

211.  Email from Robert Samko Jr. dated 11/20/13 regarding Management awareness (CGLLC079442-52)

212.  Chrysler Fuel Pump Relay – Root Cause Update Powerpoint dated 11/22/13 (CGLLC077905-12)

213. 2011 WK QNA Summary for TIPM Fuel Pump Relay (CGLLC076955-60)

214. NEC/TOKIN Analysis Result of Returned Module for Continental (Interim 2nd) dated 11/29/13 (CGLLC077760-84)

215. Totally Integrated Power Module Investigation (TIPM7) Powerpoint dated 12/13/13

216. Email from Jeff Fenoseff dated 12/13/13 regarding Request: TIPM Usage / Read Across (CGLLC078978-80)

217. Email from Carlos Munoz-Valadez dated 1/14/14 regarding Fuel Pump TIPM7 - Snubber and External relay testing (CGLLC077916-18)

218. Email from Jennifer Moore dated 1/21/14 regarding TIPM7 service component I-Sheet (CGLLC078680-81)

219. Email from Satnam Bansal dated 1/29/14 regarding WK/WD TIPM Temperature Classification (PF-11284 Totally Integrated Power Management (TIPM) Module Performance Standard (CGLLC084521-22)

220. Email from Timothy Kraft dated 1/31/14 regarding 11/12 WK Fog Light Malfunction (CGLLC078356-57)

221. Email from Mark Cornell dated 2/19/14 regarding WD/WK Relay Discussion (CGLLC077037-40)

222. Email from Satnam Bansal dated 2/26/14 regarding TIPM7 – Fuel Pump Relay workshop (CGLLC077064-68)

223. Email from Carlos Munoz-Valadez dated 3/31/14 regarding TIPM – Fuel Relay (CGLLC061110-13)

224. Email from Robert Schropshire, Jr. dated 4/15/14 regarding 20 ms glitch on PCM fuel pump relay Ctrl (CGLLC060916-22)

225. Email from Simon Kissonergis dated 5/13/14 regarding TIPM (CGLLC084561)

226. Email from Dennis Gauthier dated 5/20/14 regarding 2011 DS Truck Florida Evaluations (CGLLC076577-78)

227. Email from Jennifer Moore dated 6/10/14 regarding Continental TIPM/CBC Status (CGLLC084545)

228. TIPM7 Fuel Pump Relay Executive Review Powerpoint 8/25/14 (CGLLC086853-61)

229. Tyco Electronics Application Note – Relay Contact Life (CGLLC076730-32)

230. Corrective Action Process Issue #208186 dated 01/04/06 (CGLLC087011-17)

231. Corrective Action Process Issue #210412 dated 01/19/06 (CGLLC087018-26)

232. Corrective Action Process Issue #212625 dated 01/31/06 (CGLLC087240-48)

233. Corrective Action Process Issue #218382 dated 04/21/2006 (CGLLC087027-33)

234. Corrective Action Process Issue #226741 dated 02/21/07 (CGLLC087072-79)

235. Corrective Action Process Issue #239773 dated 05/15/07 (CGLLC087096-101)

236. Corrective Action Process Issue #246185 dated 08/15/07 (CGLLC086880-87)

237. Corrective Action Process Issue #246472 dated 08/20/07 (CGLLC086888-94)

238. Corrective Action Process Issue #244159 dated 02/27/08 (CGLLC087102-110)

239. Corrective Action Process Issue #248304 dated 09/27/07 (CGLLC086895-901)

240. Corrective Action Process Issue #258126 dated 06/11/08 (CGLLC087385-92)

241. Corrective Action Process Issue #261428 dated 08/28/08 (CGLLC086902-08)

242. Corrective Action Process Issue #263440 dated 10/08/08 (CGLLC086909-15)

243. Corrective Action Process Issue #264520 dated 11/03/08 (CGLLC086924-29)

244. Corrective Action Process Issue #267716 dated 02/02/09 (CGLLC087148-54)

245. Corrective Action Process Issue #268873 dated 02/27/09 (CGLLC087393-400)

246. Corrective Action Process Issue #271414 dated 04/27/09 (CGLLC086937-44)

247. Corrective Action Process Issue #272085 dated 05/26/09 (CGLLC087401-06)

248. Corrective Action Process Issue #283571 dated 02/24/10 (CGLLC087170-76)

249. Corrective Action Process Issue #289710 dated 06/08/10 (CGLLC087177-82)

250. Corrective Action Process Issue #295263 dated 08/30/10 (CGLLC086964-71)

251. Corrective Action Process Issue #304629 dated 03/02/11 (CGLLC087446-53)

252. Corrective Action Process Issue #304626 dated 03/02/11 (CGLLC087437-45)

253. Corrective Action Process Issue #310391 dated 01/25/12 (CGLLC087573-80)

254. Corrective Action Process Issue #333346 dated 11/21/12 (CGLLC086981-86)

255. Corrective Action Process Issue #337774 dated 02/04/13 (CGLLC086987-92)

256. Corrective Action Process Issue #338250 dated 02/10/13 (CGLLC086993-99)

257. Corrective Action Process Issue #338418 dated 02/12/13 (CGLLC087581-87)

258. July 2009 PDF - Customer return abnormalities

259. December 21, 2010 Email - Two TIPMs sent for testing - VTA alarm goes off by itself

260. January 7, 2011 Email - Multiple cars reporting TIPM fault #P129E

261. January 19, 2011 Powerpoint - What is known about the TIPM and what could be root cause

262. February 7, 2011 Email - List of VINs

263. 2011 Dodge Durango Marketing Material and Research

264. January 20, 2011 Email - TIPM software 08 F462 faults during turn signal

265. March 14, 2011 Email - Lots of claims, most low miles

266. April 24, 2013 Powerpoint - No start is Top 10 TIPM-7 complaint

267. October 17, 2013 Email - Seeing high TIPM-7 warranty claims

268. March 4, 2014 Email - High mileage TIPM-7

269. May 2014 - NHTSA Recall 14V-154 Model year (Brake Booster Recall)

270. August 2014 - NHTSA Recall 14V-391 Model year 2011

271. July 2015 - NHTSA Recall 14V-634

272. July 2016 - NHTSA Recall 15V-879 Model year 2011-2012 (Sun visor wiring)

**Defendant's Exhibits**

300. Lemon Law Level 1 and 2 Handling and Escalation Process

301. Lemon Laws Overview

302. Plaintiff Timothy A. Durham's Response to Defendant FCA US LLC's Special Interrogatories, Set One

303. Plaintiff Timothy A. Durham's Response to Defendant FCA US LLC's Request for Production, Set One

304. Federal Register/Vol. 80. No. 146/Thursday, July 30, 2015 Department of Transportation Highway Traffic Safety Administration Denial of Motor Vehicle Defect Petition.

305. TIPM7 Fuel Pump Relay Executive Review, 2014

306. CAN C Bus Topology – 2012 Dodge Ram 1500

307. CAN IHS Network Topology – 2012 Dodge Ram 1500

308. Photograph of 2007 Wrangler TIPM7

309. Photograph of 2007 Dodge Nitro TIPM7

310. Photograph of 2012 Dodge Ram

311. Part Number List of TIPM7s 2007-2013

312. Expert file for Stan Gozzi

313. Certificate re: Qualified Alternate Dispute Resolution Program

**Exhibit Conference**

On or before **May 3, 2019**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **April 29, 2019.**

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). As to any "Shared Exhibits," which are exhibits that both parties would like marked but to which there may be objections to their introduction, they will be appropriately marked, i.e., as "SE" and will be indexed as such on the index provided in the Shared Exhibit binder. At trial, the proponent of the exhibit will be obligated to lay the proper foundation for the exhibit unless there is a stipulation to admit the exhibit without a further showing.

Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties **SHALL** number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

### INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

### INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four

complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **June 21, 2019** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

       7.     The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.**    **POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe, all exhibits until final judgment and all appeals are exhausted.

**M.**    **DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff's Documents**

1.   Defendant's Responses to Plaintiff's Requests for Production of Documents

2.   Defendant's Responses to Plaintiff's Interrogatories

3.   Defendant's Responses to Plaintiff's Requests for Admission

**Defendants' Documents**

1.   Plaintiff's Responses to Defendants' Requests for Production of Documents

2.   Plaintiff's Responses to Defendant's Interrogatories

3.   Plaintiff's Responses to Defendant's Requests for Admission

**N.**    **FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party.

**O.**    **MOTIONS IN LIMINE**

Any party may file motions in limine.  The purpose of a motion in limine is to establish in

advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." <u>Luce v. United States</u>, 469 U.S. 38, 40 n. 2 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. <u>Id</u>.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. The conference should be in person but, if this is not possible, SHALL, at a minimum, be telephonic. Written meet-and-confer conferences are unacceptable. Along with their motions in limine, the parties SHALL file a certification detailing the conference such to demonstrate counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **May 13, 2019**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court by **May 28, 2019**. The Court sets a hearing on the motions in limine on **June 10, 2019**, at 10:30 a.m. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

The parties are reminded they may still object to the introduction of evidence during trial.

**P.  STIPULATIONS**

None.

**Q.  AMENDMENTS/ DISMISSALS**

None.

**R.  SETTLEMENT NEGOTIATIONS**

The parties have engaged in settlement discussions but have been unable to reach a resolution. The parties attended a settlement conference on March 20, 2018, which was not successful, but plan to

continue negotiating.

**S.   AGREED STATEMENT**

None.

**T.   SEPARATE TRIAL OF ISSUES**

None.

**U.   APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**V.   ATTORNEYS' FEES**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

**W.   TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **June 24, 2019**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. At the hearing, plaintiff's counsel indicated that the trial estimate is, in fact, 4 to 5 days, rather than the 10 to 12 days he reported in the joint pretrial statement. Because the defense indicated the trial will conclude within 5 days, the Court sets the trial with a 4 to 5 day estimate. **<u>The Court expects an efficient presentation of the case and will not tolerate "dead time." Counsel SHALL plan accordingly.</u>**

**X.   TRIAL PREPARATION AND SUBMISSIONS**

**1.   Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **June 13, 2019**.

**2.   Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **June 13, 2019.**

**3.   Jury Instructions & Verdict Form**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **April 29, 2019.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later

than **May 3, 2019**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **June 13, 2019** and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

   **If and only if, the parties after a genuine, reasonable and good faith effort**, cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **June 13, 2019** and identify such as the disputed jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

   In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

**Y. OBJECTIONS TO PRETRIAL ORDER**

   Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**Z. MISCELLANEOUS MATTERS**

   None.

///

///

///

///

///

**AA.    COMPLIANCE**

**Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.**

IT IS SO ORDERED.

Dated:    **April 22, 2019**                          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE